565 A.2d 156

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Kenneth MOORE, Appellee.**

Supreme Court of Pennsylvania.

Argued Jan. 17, 1989.

Decided Oct. 31, 1989.

Mary McNeil Killinger, Chief, Appeals Div., James Staerk, Roslyn, for appellant.

Douglas M. Johnson, Chief, Appeals Div., Joseph Hylou, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and STOUT, JJ.

## ORDER

PER CURIAM:

Appeal dismissed as having been improvidently granted.

STOUT, Former Justice, did not participate in the decision of this case.

McDERMOTT, J., files a dissenting opinion in which LARSEN and PAPADAKOS, JJ., join.

McDERMOTT, Justice, dissenting.

I am unable to concur in the failure of the majority to hear this matter. The record reveals that the police instituted a criminal complaint for the arrest of the appellee based upon information they received regarding a shooting.

An interview with the victim disclosed the assailant's address to be 364 E. Marshall Street. Two visits were made by the police to this location. During the first visit the police were informed by the second floor residents, the victims sisters, that appellee resided at the location but had obtained his belongings and departed. Testimony at trial revealed that one of these women, Rita Boynes, was in fact living with appellee during the time of her brother's shooting. A subsequent visit was made to this location two nights later, but to no avail. The investigating officers informed both the victim and his sisters to contact them if appellee's whereabouts became known to them. Subsequently his name was entered into the N.C.I.C. computer and his picture was then presented to the police by Ellen Boynes, one of the victim's sisters. This picture, along with the criminal complaint, was placed with the Norristown police Department Patrol Division. At every role call this information was presented to the patrolling officers with instructions to locate, or to apprehend if they should encounter the appellee during their tour of duty. In addition, his name was entered into the PennDot computer which disclosed a vehicle registered in his name at 1033 Willow Street Norristown, Pennsylvania. A visit to that location revealed that the appellee did not reside there. As a result of a routine car stop for an expired inspection sticker, made by a member of the Norristown Police Department, appellee was placed under arrest after the Officer radioed the name of the driver to Police Headquarters and then discovered that a warrant existed for his arrest. Though the magnitude of the crime here, a barroom brawl, may not have warranted the calling in of the FBI or Inter Pol, the steps taken by the police were more than adequate and did in fact result in the apprehension of the appellee. The effect of the majority's opinion today is to reward the appellee for his attempt to elude capture. A precedent that will return when more than a barroom brawl will be involved.

LARSEN and PAPADAKOS, JJ., join this dissenting opinion.